Charles A. Loreto, J.
Plaintiff seeks a declaratory judgment declaring that a provision of a 1962 amendment to the State rent laws (L. 1962, ch. 21, § 5) did not effectuate a rescission and nullification of certain rent increases previously granted to plain *845 tiff or, in the alternative, declaring the provision in question unconstitutional.
Defendant now moves to dismiss the complaint for legal insufficiency pursuant to rule 112 of the Rules of Civil Practice. Cross motion is made by plaintiff for summary judgment under rule 113 of the Rules of Civil Practice.
In September, 1960, plaintiff applied to the Bronx local rent office for building-wide rental increases in premises owned by it, on the ground that the property did not yield a net return of 6% of its valuation (see State Rent and Eviction Regulations, § 33, subd. 5). Plaintiff’s application was based on the assessed valuation of the property, as equalized by the 1954 equalization rate. Then the applicable valuation base to be used for a fair net return was that permitted by the enactment of 1957, requiring application of the current assessed valuation as adjusted by applying thereto the equalization rate for 1954. (See L. 1957, ch. 755, amdg. Emergency Housing Rent Control Law, § 4, subd. 4, par. [a].)
Later and on June 30, 1961, while plaintiff’s application was in process, this provision of the rent control law was amended to provide that the valuation to be used should be the assessed valuation of the property as adjusted by the current equalization rates. This provision was mandatory and allowed for no alternative valuation. (See L. 1961, ch. 337.)
Upon completing the process of plaintiff’s application, and on September 13,1961, the Local Rent Administrator issued orders of increase in maximum rents to 11 tenants. These increases were based on the use of the then current equalization rates — the 1961 equalization rate — pursuant to and in conformity with the then amended law.
On February 17, 1962, the rent law was further amended to provide, in part, as follows: “ Any adjustments in maximum rents ordered by the temporary state housing rent commission on and after June thirtieth, nineteen hundred sixty-one, and resulting in an increase thereof solely by reason of the amendments made by chapter three hundred thirty-seven of the laws of nineteen hundred sixty-one to paragraph (a) of subdivision four of section four of the emergency housing rent control law which provided for the application of the most recent equalization rate, rather than the equalization rate for the year nineteen hundred fifty-four, are hereby rescinded and nullified, provided, however, that no right is conferred by this act to recover any such increase paid to the effective date of this act. ’ ’ (L. 1962, eh. 21, § 5.) This statute (§§ 4, 5, 6) required the rescission and nullification of rent increases resulting from the 1961 amendment *846 above mentioned. It also prohibited rent increases in the City of New York from the date of its enactment to May 1, 1962.
The increase orders granted to plaintiff in September, 1961 did not take effect because of protests lodged by tenants. Thereafter, on February 26,1962, the State Rent Administrator issued an order and opinion remanding the protest proceeding to the Local Rent Administrator for further action pursuant to the amended statute. The proceeding was still pending on May 1, 1962, when, by operation of law, it was transferred to the New York City Rent and Rehabilitation Administrator (see L. 1962, ch. 21, § 1, subds. 4, 5, 6,11,12).
Plaintiff’s contention is twofold, first, that the Rent Administrator incorrectly interpreted section 5 (L. 1962, ch. 21) in using the 1961 current equalization rate under the 1961 statute instead of the 1954 equalization rate under the 1957 statute (in effect on the filing date of its application and for some time during process), and secondly, that if the Administrator was correct in his interpretation, and if it be so affirmed by the court, then section 5 is unconstitutional as an arbitrary and unreasonable destruction of its “ vested rights ” to increase orders granted it.
The 1961 law, like the preceding law, required that proceedings pending before the State Rent Commission be determined in accordance with the law in effect at the time of the final determination by the commission.
Section 13 of the Emergency Housing Rent Control Law, then and now, provides as follows: “ § 13. Pending proceedings. The commission may provide for and authorize the continued processing of any application or proceeding pending at the time this act becomes effective, provided, however, that the final determination of the commission in such pending application or proceeding shall not be inconsistent with this act.”
It is apparent that although this application was filed by the landlord on the basis of 1954 equalization rates (when the determination was made on August 22,1961, and when increase orders were issued on September 13, 1961) the Administrator was required to use the equalization rates then in effect under the amended statute. Nothing in the statute permitted the use of an alternative valuation for this proceeding.
The 1962 statute, however, terminated the use of an equalization rate which had been created by the prior statute as a basis in determining the adjusted assessed valuation to be applied in filing a fair net return.
In I. L. F. Y. Co. v. Temporary State Housing Rent Comm. (11 N Y 2d 259), it was stated: “ Freezes and rollbacks of rent increases are * * * historically and constitutionally- accept *847 able (p. 265) * * * Although these landlords had processed their several applications to points where favorable action was imminent, they had no 1 vested ’ rights to increase orders or to continuation of the rules or formulae on which their applications had been based ” (p. 266).
Therefore, the amended complaint is dismissed. The cross motion is denied.